UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VICTORIA HERNANDEZ, FLORENCIO JOSÉ-AMBROSIO, FLORICEL MORALES-CRUZ, and PEDRO H. CASTILLO-CACERES, on behalf of themselves and all other similarly situated persons | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | COMPLAINT |
| v. | ) ) | CLASS ACTION |
| DEBBIE TEACHEY, MARSHALL "MARK" TEACHEY, MICHAEL T. TEACHEY, and TEACHEY PRODUCE, INC., | ) ) ) ) | Civil Action No.: |
| Defendants. | ) ) | |

I. PRELIMINARY STATEMENT

1. This is a class action by four former employees of a closely held farming enterprise, Teachey Produce, Inc., that was and is owned and operated by two brothers and the wife of one of the brothers for unpaid promised wages required by N.C.Gen.Stat. §§ 95-25.6 and 95-13.(1)-(2) of the North Carolina Wage and Hour Acct ("NCWHA"), and liquidated damages under N.C.Gen.Stat. § 95-25.22(a1). The plaintiffs and the class also claim that the defendants failed to pay all wages when due and other related violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the North

Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. § 95-25.8.

2.    The defendants, together with more than one farm labor contractors, including but not limited to farm labor contractors Alejandro Salazar, Alejandro José, and Domingo Cruz, either jointly or solely employed the four named plaintiffs and the classes of workers that they seek to represent in this action.  The plaintiffs pursue these claims for multiple violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq*.  Those multiple AWPA violations are largely based upon, *inter alia*, the defendants' failure to pay promised wages and a failure to comply, without justification, with a number of working arrangements that the defendants had with the named plaintiffs and the members of the classes that they seek to represent.

3.    Based upon these claims, the individual claims of the named plaintiffs for retaliatory and wrongful discharge and actual damages for the defendants' violation of their working arrangement to provide water and safe working conditions in the manner required by the Occupational Safety and Health Act of North Carolina (OSHANC), and the claims of the classes and collective actions under 29 U.S.C. §§ 1821, 1822, 1831, 1832, 1841, and 1842 and N.C. Gen. Stat. §§ 95-

25.6 and 95-25.22, the plaintiffs and the members of the classes that they seek to represent seek payment of back wages, an equal amount of liquidated damages, actual or statutory damages, attorney fees, and costs under 29 U.S.C. §§ 215(a)(3), 216(b), and 1854(c)(1), and N.C. Gen. Stat. §§ 95-25.22(a), (a1), and (d) against Teachey Produce, Inc., Marshall "Mark" Teachey, Michael T. Teachey, and his spouse, Debbie Teachey.

II.  <u>JURISDICTION</u>

4.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1337, and 1367(a), and 29 U.S.C. §§ 216(b) and 1854(a).  This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

III. <u>VENUE</u>

5.  Venue over this action lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and 29 U.S.C. §§ 216(b) and 1854(a). At the time this action was filed against defendants Teachey Produce, Inc. (hereinafter referred to as "Produce"), and against defendants Marshall "Mark" Teachey, Michael T. Teachey, and his spouse, Debbie Teachey (hereinafter referred to as the "individual Teachey defendants"), defendants Produce, and all of the individual defendants resided in Duplin County, North Carolina.  At

all times relevant to this action, Produce was and is a closely held, for profit, corporation organized under the laws of the State of North Carolina and operated both as an agricultural enterprise and as a business enterprise engaged in the production, processing and packing of agricultural commodities for sale in interstate commerce. All defendants regularly engaged in substantial business activities in Duplin County, North Carolina at the time this action was commenced, and a substantial part of the events that gave rise to this action occurred in Duplin County, North Carolina and the other counties that are listed in 28 U.S.C. § 113(a).

IV.  <u>NAMED PLAINTIFFS</u>

6.  Named plaintiffs Victoria Hernandez and her husband, Florencio José-Ambrosio were jointly and severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by one or more of the individual defendants, defendant Produce, the agricultural enterprise operated by Produce, and/or the business enterprise operated by Produce (hereinafter referred to collectively as "all defendants") to perform the following activities as part of the growing, harvesting, production, processing and/or packing agricultural commodities for sale

by the defendants in interstate commerce for the following periods of time:

(a) From in or about the end of June or early July 2015 through December 31, 2015 for more than ten workweeks in calendar year 2015, plaintiffs Victoria Hernandez and Florencio José-Ambrosio were jointly and severally employed in both the fields planted by one or more of the defendants and the packing house operated by one or more of the individual defendants, Produce, or by an enterprise operated by two or more defendants as a migrant or seasonal agricultural worker for varying periods of time to pick, harvest, pack, and process broccoli, collards, kale, mustard greens, romaine salad, turnips, turnip greens, cabbage, corn, and other agricultural commodities that were produced solely by all defendants.

(b) From in or about January 2016 through September 19, 2016 for more than ten workweeks in calendar year 2016, plaintiffs Victoria Hernandez and Florencio José-Ambrosio were jointly and severally employed in both the fields planted by one or more of the defendants and the packing house operated by one or more of the individual defendants, Produce, or by an enterprise operated by two or more defendants as a migrant or seasonal agricultural worker for varying periods of time to pick, harvest, pack, and process

broccoli, collards, kale, mustard greens, romaine salad, turnips, turnip greens, cabbage, corn, and other agricultural commodities that were produced solely by all defendants.

7. For the 2013, 2014, 2015, and/or 2016 agricultural seasons in North Carolina, the defendants utilized farm labor contractors Alejandro Salazar, Alejandro José, and/or Domingo Cruz to furnish, recruit, and transport migrant or seasonal agricultural workers including, but not limited to, the following migrant or seasonal agricultural workers for the defendants who jointly employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) with those same farm labor contractors those same migrant or seasonal agricultural workers to perform agricultural work for the following time period(s) in both the fields planted by one or more of the defendants and the packing house operated by one or more of the individual defendants, Produce, or by an enterprise operated by two or more defendants to weed, pick, harvest, pack, and/or process various agricultural commodities or products that were produced by all defendants for sale by the defendants in interstate commerce:

(a) For both the 2015 and the 2016 agricultural seasons in Duplin County, North Carolina, named plaintiff Floricel Morales-Cruz (hereinafter referred to as "Morales") was

jointly and severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by farm labor contractor Alejandro Salazar and all defendants to perform harvesting work in kale, cabbage, corn, squash, and other agricultural commodities for sale by the defendants in interstate commerce for more than ten (10) weeks.

(b)  On or about June 24, 2016 in Duplin County, North Carolina, named plaintiff Pedro Humberto Castillo-Caceres was jointly and severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by farm labor contractor Alejandro Salazar and all defendants to perform corn harvesting work in the field and corn processing and packing work in the packing house of the defendants for sale by the defendants in interstate commerce.

(c)  In both December 2013 and December 2014, and again from in or about March to in or about the end of June 2015 in Duplin County, North Carolina, plaintiff Victoria Hernandez was jointly and severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by farm labor contractor Domingo Cruz and all defendants to do weeding, and to perform cabbage and kale harvesting work for sale by the defendants in interstate commerce.

(d) From in or about March to in or about the end of June 2015 in Duplin County, North Carolina, plaintiff Florencio José-Ambrosio was jointly and severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by farm labor contractor Domingo Cruz and all defendants to do weeding, and to perform cabbage and kale harvesting work for sale by the defendants in interstate commerce.

V.   <u>DEFENDANTS</u>

8.   At all times relevant to this complaint, defendant corporate entity Teachey Produce, Inc. (hereinafter "Produce") is and has been a corporation that is organized under the laws of the state of North Carolina, for the purpose of, among others, producing, processing, packing, and/or marketing broccoli, collards, kale, mustard greens, romaine salad, turnips, turnip greens, cabbage, corn, and other agricultural products within and without North Carolina.   At all times relevant to this action, Marshall "Mark" Teachey, 144 Teachey Produce Lane, Rose Hill, North Carolina 28458, was and is the registered agent for service of process on Teachey Produce, Inc.

9.   At all times relevant to this action, Produce and each of the individual defendants engaged in and continue to engage in related activities in the production, processing,

packing, and marketing of various agricultural commodities, and performed (through unified operations at 144 Teachey Produce Lane in Rose Hill, North Carolina, or by common control of Produce exercised by Michael T. Teachey and his wife, Debbie Teachey, and Marshall "Mark" A. Teachey the brother of Michael T. Teachey) for the common business purpose of producing, processing, and/or selling broccoli, collards, kale, green beans, squash, mustard greens, romaine salad, turnips, turnip greens, cabbage, corn, and other agricultural commodities.

10.  At all times relevant to this complaint, defendant Marshall "Mark" A. Teachey has been and continues to be the President, part-owner, and co-operator of Produce.

11.  At all times relevant to this complaint, defendant Michael T. Teachey has been and continues to be the Secretary, part-owner, and co-operator of Produce.

12.  At all times relevant to this complaint, defendant Michael T. Teachey's wife, Debbie Teachey, was also a co-owner and co-operator of Produce, prepared and maintained the payroll records for those persons who were furnished to and/or directly employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by Produce, and prepared the itemized wage statements that

Produce provided to any persons that Produce directly employed.

13.   Upon information and belief, at all times relevant to this action, defendant Produce was and is an enterprise that was and is engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.   Upon information and belief, during each calendar year falling in the four year time period immediately preceding the date on which this action was filed, defendant Produce had an annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

15.   During each calendar year falling in the four year time period immediately preceding the date on this action was filed, one or more employees of defendant Produce and the named plaintiffs handled goods or equipment that had moved in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).  Those goods or equipment included, but are not limited to:

(a)   the knives, crates, boxes, bins, trailers, and other equipment that Produce supplied to the named plaintiffs and the migrant or seasonal agricultural workers that the defendants directly employed, and that one or more farm labor contractors furnished, transported, and/or jointly employed

with the defendants to harvest in the fields owned or controlled by the defendants the various agricultural products grown by Produce,

(b) the machinery and other equipment that Produce supplied to the named plaintiffs and the migrant or seasonal agricultural workers that the defendants directly employed, and that one or more farm labor contractors furnished, transported, and/or jointly employed with the defendants to process and pack those same agricultural products in the packing house operated by the defendants throughout that same four year time period.

16. At all times relevant to this action, defendants Michael T. Teachey, his wife, Debbie Teachey, and Marshall "Mark" A. Teachey all participated in the day-to-day field and/or packing house operations of Teachey Produce, Inc.

17. At all times relevant to this action, either personally and/or through their personal agents and employees (including but not limited to Tomas Gaspar), defendants Michael T. Teachey, his wife, Debbie Teachey, and Marshall "Mark" A. Teachey (hereinafter referred to as the "individual defendants") all directed, controlled, and supervised the work of the plaintiffs and all of the workers that the named plaintiffs seek to represent as part of their regular

involvement in the day-to-day field and packing house operations of Produce and the enterprise operated by Produce.

18. The direction, control, and supervision that is described in ¶17 above of this Complaint occurred in the form of the actual and regular physical presence of, verbal and non-verbal direction by, and verbal and non-verbal supervision by these same defendants and/or their personal agents and employees (including but not limited to Tomas Gaspar) of the plaintiffs and all of the workers that the named plaintiffs seek to represent as part of their regular involvement in the day-to-day field and packing house operations of Produce and the enterprise operated by Produce.

## VI. RULE 23(b)(3) CLASS ALLEGATIONS (NCWHA #1)

19. The First Claim for Relief is brought under the NCWHA by named plaintiffs Victoria Hernandez and Florencio José-Ambrosio on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. In the First Claim for Relief based on the NCWHA, named plaintiffs Victoria Hernandez and Florencio José-Ambrosio seek to represent a class consisting of all employees of all defendants who were and will not be paid all wages when due on their regular payday at the wage rate disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-

(2) for hours worked by those same employees that consisted of travel that was all in the day's work in or about November and December 2015 and in or about November and December 2016 from the fields in which named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and those employees performed work for the defendants to the packing house in which those same employees performed work for the defendants for varying periods of time totaling in excess of two (2) hours in the same workweek for at least two (2) workweeks in each of those same two (2) months.

21.  The class alleged in ¶20 above is so numerous and so geographically dispersed as to make joinder impractical. The precise number of individuals in this class is known only to the defendants. However, the class is believed to include over fifty (50) individuals.  This class is comprised of indigent migrant and seasonal agricultural workers and other workers many of whom maintain no permanent residence in the United States.  Many of the members in this class are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the members of this class make the maintenance of separate actions by each member of this class infeasible.

22. There are questions of law and fact common to the class alleged in ¶20 above. These common legal and factual questions are, among others:

(a) Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did one or more of all defendants disclose to named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and the members of the class defined in ¶20 above that one or more of all defendants would pay promised wages free and clear for all hours worked including travel that was all in the day's work?

(b) Did the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and the class defined in ¶20 above by failing to pay promised wages free and clear at the rate that one or more of all defendants disclosed to them for all hours worked including travel that was all in the day's work?

23. The claims in the First Claim for Relief of named plaintiffs Victoria Hernandez and Florencio José-Ambrosio are typical of the claims of the members of the class defined in ¶20 above, and those typical, common claims predominate over any questions affecting only individual class members. Named plaintiffs Victoria Hernandez and Florencio José-

Ambrosio have the same interests as other members of the class defined in ¶20 above and will vigorously prosecute these interests on behalf of the class defined in ¶20 above.

24. Named plaintiffs Victoria Hernandez and Florencio José-Ambrosio will fairly and adequately represent the interests of the class defined in ¶20 above.

25. The undersigned counsel for named plaintiffs Victoria Hernandez and Florencio José-Ambrosio, Robert J. Willis of the Law Office of Robert J. Willis, P.A., is an experienced litigator who has been named counsel for several class actions. Counsel for named plaintiffs Victoria Hernandez and Florencio José-Ambrosio is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶20 under Rule 23(b)(3).

26. A class action for the class defined in ¶20 above under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶20 above, substantially diminish the interest of members of the class defined in ¶20 in individually controlling the prosecution of separate actions;

(b) Many members of each of the class defined in ¶20 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) There has been no litigation already commenced against any individual defendant or corporate defendant named in this action by the members of the class defined in ¶20 above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because all defendants reside in this district and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶20 above.

VIII. RULE 23(b)(3) CLASS ALLEGATIONS (NCWHA #2)

27. The Second Claim for Relief is brought under the NCWHA by named plaintiff Floricel Morales-Cruz on behalf of himself and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. In the Second Claim for Relief based on the NCWHA, named plaintiff Floricel Morales Cruz seeks to represent a class consisting of all persons who were jointly employed on or after March 1, 2015 through December

31, 2016 by one or more of the defendants and by one or more of the following farm labor contractors: (a) Alejandro Salazar, (b) Domingo Cruz, and/or (c) Alejandro José, who were not paid all promised wages when due on their regular payday at the piece rate or hourly wage rate disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all hours worked by those same employees, including travel that was all in the day's work, in the hand harvest of corn and the hand harvest of kale in the fields in which the defendants were growing one or more agricultural crops at any time in the same time period.

29. The class alleged in ¶28 above is so numerous and so geographically dispersed as to make joinder impractical. The precise number of individuals in this class is known only to the defendants. However, the class is believed to include over fifty (50) individuals. This class is comprised of indigent migrant and seasonal agricultural workers and other workers many of whom maintain no permanent residence in the United States. Many of the members in this class are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the members of this class make the

maintenance of separate actions by each member of this class infeasible.

30. There are questions of law and fact common to the class alleged in ¶28 above. These common legal and factual questions are, among others:

(a) Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did one or more of all defendants, or farm labor contractor(s) Alejandro Salazar, Domingo Cruz, and/or Alejandro José disclose to named plaintiff Floricel Morales-Cruz and the members of the class defined in ¶28 above that one or more of all defendants would pay promised wages at the hourly rate of at least $7.25/hour free and clear for all hours worked including travel that was all in the day's work when that minimum compensation rate was to be determined on the basis of the hour worked?

(b) Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did one or more of all defendants, or farm labor contractor(s) Alejandro Salazar, Domingo Cruz, and/or Alejandro José disclose to named plaintiff Floricel Morales-Cruz and the members of the class defined in ¶28 above that one or more of all defendants would pay promised wages at a specific piece rate for each box or container of corn and kale that those workers harvested?

(b) Did the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to named plaintiff Floricel Morales-Cruz and the class defined in ¶28 above by failing to pay promised wages free and clear at the hourly or piece rates that one or more of all defendants, farm labor contractor Alejandro Salazar, Domingo Cruz, and/or Alejandro José disclosed to them for all hours worked including travel that was all in the day's work, and all work performed on a piece rate basis?

31. The claim in the Second Claim for Relief of named plaintiff Floricel Morales-Cruz is typical of the claims of the members of the class defined in ¶28 above, and those typical, common claims predominate over any questions affecting only individual class members. Named plaintiff Floricel Morales-Cruz has the same interests as other members of the class defined in ¶28 above and will vigorously prosecute these interests on behalf of the class defined in ¶28 above.

32. Named plaintiff Floricel Morales-Cruz will fairly and adequately represent the interests of the class defined in ¶28 above.

33. The undersigned counsel for the named plaintiffs, Robert J. Willis of the Law Office of Robert J. Willis, P.A.,

is an experienced litigator who has been named counsel for several class actions. Counsel for the named plaintiffs is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶28 under Rule 23(b)(3).

34. A class action for the class defined in ¶28 above under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶28 above substantially diminishes the interest of members of the class defined in ¶28 above in individually controlling the prosecution of separate actions;

(b) Many members of the class defined in ¶28 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) There has been no litigation already commenced against any individual defendant or corporate defendant named in this action by the members of the class defined in ¶28 above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because all defendants reside in this district and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶28 above.

IX. RULE 23(b)(3) CLASS ALLEGATIONS (AWPA)

35. The Third Claim for Relief is brought under the AWPA by named plaintiff Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. In the Third Claim for Relief based on the AWPA, these same three (3) named plaintiffs seek to represent a class consisting of all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture when they were either directly employed by one or more defendants or jointly employed by one or more of the defendants and farm labor contractors Alejandro Salazar, Domingo Cruz, or Alejandro José at any time that occurred in the three (3) year time period immediately preceding the date on which this action was filed and

continuing thereafter until the date on which final judgment is filed in this action.

37. Except as otherwise alleged, this class consists of the following subclasses for each separate agricultural season that occurred in 2014, 2015, 2016, and 2017 to date in that same time period with respect to whom the defendants engaged in the following intentional actions or omissions:

(a) in 2015, named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and those workers described in ¶20 above that the defendants either directly employed or jointly employed with one or more of the farm labor contractors that the defendants used in 2015 whom all defendants failed to pay weekly wages in 2015 that were or will be due when they were due for all hours worked, including but not limited to travel that is all in the day's work, when they were directly or jointly employed by one or more defendants to perform any agricultural work at any time in that same time period when the gross compensation paid did not or will not equal or exceed the product of the hours worked and the specific hourly rate disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(b) in 2015, named plaintiff Floricel Morales-Cruz and those workers described in ¶28 above that named plaintiff Floricel Morales-Cruz seeks to represent pursuant to Rule

23(b)(3) to whom all defendants failed to pay weekly wages in 2015 that were or will be due when they were due for all units of agricultural products harvested on a piece rate basis when they were either directly employed in 2015 by one or more of the defendants or jointly employed by one or more of the defendants and one or more of the farm labor contractors that the defendants used in 2015 to perform any agricultural work at any time in 2015 when the gross compensation paid did not or will not equal or exceed the product of the actual number of units of agricultural products harvested on a piece rate basis and the specific piece rate for that specific type of agricultural product disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(c) in 2016, named plaintiff Floricel Morales-Cruz and those workers described in ¶28 above that named plaintiff Floricel Morales-Cruz seeks to represent pursuant to Rule 23(b)(3) to whom all defendants failed to pay weekly wages in 2016 that were or will be due when they were due for all units of agricultural products harvested on a piece rate basis when they were either directly employed in 2016 by one or more of the defendants or jointly employed by one or more of the defendants and one or more of the farm labor contractors that the defendants used in 2016 to perform any

agricultural work at any time in 2016 when the gross
compensation paid did not or will not equal or exceed the
product of the actual number of units of agricultural
products harvested on a piece rate basis and the specific
piece rate for that specific type of agricultural product
disclosed to those same workers in violation of 29 U.S.C. §§
1822(a) and 1832(a), and

(d) in 2014 after March 1, 2014 through December 31,
2014, named plaintiff Victoria Hernandez and those migrant
agricultural workers that named plaintiff Victoria
Hernandez seeks to represent pursuant to Rule 23(b)(3) to
whom all defendants failed to ascertain and accurately
disclose in writing to each such worker who was recruited
at the time of recruitment the wage rates to be paid for
their direct or joint employment by one or more of the
defendants in the type of field or packing house work that
is described in ¶7(c) of this complaint for that same time
period in violation of 29 U.S.C. § 1821(a)(2), and

(e) in 2015, named plaintiffs Victoria Hernandez,
Florencio José-Ambrosio, and Floricel Morales-Cruz and
those migrant agricultural workers that those same three
(3) named plaintiffs seek to represent pursuant to Rule
23(b)(3) to whom all defendants failed to ascertain and
accurately disclose in 2015 in writing to each such worker

who was recruited at the time of recruitment the wage rates
to be paid in 2015 for their direct or joint employment by
one or more of the defendants in the type of field or
packing house work that is described in ¶¶6(a), 7(a), and
7(c)-(d) of this complaint for that same time period in
violation of 29 U.S.C. § 1821(a)(2), and

(f) in 2016, named plaintiffs Victoria Hernandez,
Florencio José-Ambrosio, and Floricel Morales-Cruz and
those migrant agricultural workers that those same three
(3) named plaintiffs seek to represent pursuant to Rule
23(b)(3) to whom all defendants failed to ascertain and
accurately disclose in 2016 in writing to each such worker
who was recruited at the time of recruitment the wage rates
to be paid in 2016 for their direct or joint employment by
one or more of the defendants in the type of field or
packing house work that is described in ¶¶6(b) and 7(a) of
this complaint for that same time period in violation of 29
U.S.C. § 1821(a)(2), and

(g) in 2014 after March 1, 2014 and through December
31, 2014, named plaintiff Victoria Hernandez and those
migrant and seasonal agricultural workers that named
plaintiff Victoria Hernandez seeks to represent pursuant to
Rule 23(b)(3) for whom all defendants failed to maintain
accurate wage records as to the number of hours worked when

directly or jointly employed by one or more of the defendants in 2014 to perform the type of work that is described in ¶7(c) of this complaint in violation of 29 U.S.C. §§ 1821(d)(1)(C) and 1831(c)(1)(C), and

(h) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom all defendants failed to maintain accurate wage records as to the number of hours worked when directly or jointly employed by one or more of the defendants in 2015 to perform the type of work that is described in ¶¶6(a), 7(a), and 7(c)-(d) of this complaint in violation of 29 U.S.C. §§ 1821(d)(1)(C) and 1831(c)(1)(C), and

(i) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom all defendants failed to maintain accurate wage records as to the number of hours worked when directly or jointly employed by one or more of the defendants in 2016 to perform the type of work that is described in ¶¶6(b) and 7(a) of this complaint in violation of 29 U.S.C. §§ 1821(d)(1)(C) and 1831(c)(1)(C), and

(j) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers that named plaintiff Victoria Hernandez seeks to represent to whom all defendants failed to provide an itemized statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2014 by one or more of the defendants to perform the type of work described in ¶7(c) in this complaint in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and

(k) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent to whom all defendants failed to provide an itemized statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2015 by one or more of the defendants to perform the type of work described in ¶¶6(a), 7(a), and 7(c)-(d) of this Complaint in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and

(l) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent to whom

all defendants failed to provide an itemized statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2016 by one or more of the defendants to perform the type of work described in ¶¶6(b) and 7(a) of this Complaint in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and

(m) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2014 season the working arrangement for payment of all applicable taxes on wages and any required wage tax withholdings in the manner required by federal and North Carolina law that the defendants and the farm labor contractors that the defendants utilized in 2014 after March 1, 2014 had with those same workers that they directly or jointly employed during 2014 after March 1, 2014 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(n) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2015 season the working arrangement for payment of all applicable taxes on wages and any required wage tax withholdings in the

manner required by federal and North Carolina law that the defendants and the farm labor contractors that the defendants utilized in 2015 had with those same workers that they directly or jointly employed during 2015 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(o) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2016 season the working arrangement for payment of all applicable taxes on wages and any required wage tax withholdings in the manner required by federal and North Carolina law that the defendants and the farm labor contractors that the defendants utilized in 2016 had with those same workers that they directly or jointly employed during 2016 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(p) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2014 season their working arrangement for the provision of workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly

or jointly employed during 2014 after March 1, 2014 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(q) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2015 season their working arrangement for the provision of workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2015 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(r) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2016 season their working arrangement for the provision of workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2016 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(s) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2014

season their working arrangement for the provision of readily accessible, suitably cool drinking water in the field in the manner required by North Carolina law for those same workers that they directly or jointly employed during 2014 after March 1, 2014 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(t) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2015 season their working arrangement for the provision of readily accessible, suitably cool drinking water in the field in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2015 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(u) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2016 season their working arrangement for the provision of readily accessible, suitably cool drinking water in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2016 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(v)  in 2016, the defendants knowingly provided false or misleading information to named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, Floricel Morales-Cruz, and the migrant and seasonal agricultural workers those three (3) named plaintiffs seek to represent that the defendants would not provide workers' compensation insurance coverage to those workers in the 2016 season even though the defendants were required to provide workers' compensation insurance coverage for all of their employees in 2016 because the defendants regularly employed at least 10 fulltime non-seasonal agricultural workers in 2016 within the meaning of N.C.Gen.Stat. § 97-2(2);

(w)  in or about December 2014 and, upon information and belief, each for total of more than thirteen (13) weeks in 2014, the defendants utilized farm labor contractors Domingo Cruz, Alejandro Salazar, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiff Victoria Hernandez and/or the other migrant and seasonal agricultural workers she seeks to represent to perform work for the defendants in the harvest of cabbage, kale, mustard greens, and other agricultural products without first taking reasonable steps to determine that Domingo Cruz, Alejandro Salazar, and Alejandro José possessed a valid certificate of registration

which authorized that particular person to perform those farm labor contracting activities;

(x) in or about the months of March, April, and part of May and part of June 2015 and, upon information and belief, including those earlier months in 2015, for a total of more than thirteen (13) weeks in 2015, the defendants utilized farm labor contractors Domingo Cruz, Alejandro Salazar, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and/or the other migrant and seasonal agricultural workers those same two (2) named plaintiffs seek to represent to perform work for the defendants weeding the fields of the defendants, and/or harvesting collards, cabbage, kale, corn, squash, broccoli, and mustard greens and/or other agricultural products without first taking reasonable steps to determine that Domingo Cruz, Alejandro Salazar, and/or Alejandro José possessed a valid certificate of registration which authorized that person to perform those farm labor contracting activities;

(y) for more than thirteen weeks in 2016, the defendants utilized farm labor contractor Alejandro Salazar, Domingo Cruz, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ,

or transport named plaintiff Floricel Morales-Cruz and/or the other migrant and seasonal agricultural workers that named plaintiff Morales-Cruz seeks to represent to perform work for the defendants harvesting collards, cabbage, kale, corn, and mustard greens and other agricultural products without first taking reasonable steps to determine that Domingo Cruz, Alejandro Salazar, and/or Alejandro José possessed a valid certificate of registration which authorized that person to perform those farm labor contracting activities.

38. The class and each subclass alleged in ¶¶36 and 37(a)-(y) above are so numerous and so geographically dispersed as to make joinder impractical for the same reasons alleged in ¶29 above.

39. There are questions of law and fact common to the class and each of the subclasses alleged in ¶¶36 and 37(a)-(y) above. These common legal and factual questions are, among others:

(a) For each separate agricultural season that occurred in the time period described in ¶¶36 and 37(a)-(y) above, did all defendants employ or jointly employ the named plaintiffs and the persons described in ¶¶36 and 37(a)-(y) above as migrant or seasonal agricultural workers under the AWPA?

(b) For each separate agricultural season that occurred in the time period described in ¶¶36 and 37(g)-(l) above, for

the migrant and seasonal agricultural workers described in ¶¶36, and 37(g)-(l) above, did all defendants violate the recordkeeping and wage statement provisions of 29 U.S.C. §§ 1821(d)(1)(C), 1821(d)(2), 1831(c)(1)(C), and 1831(c)(2) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") applicable to all named plaintiffs and the class and subclasses defined in ¶¶36, and 37(g)-(l) above by failing to disclose, make, and preserve wage statements and records which accurately disclosed and recorded the hours worked for all named plaintiffs and the members of the class and subclasses defined in ¶¶36 and 37(g)-(l) above?

40. The claims of the named plaintiffs in the Third Claim for Relief are typical of the claims of the members of the class and subclasses defined in ¶¶36 and 37(a)-(y) above, and those typical, common claims predominate over any questions affecting only individual class and/or subclass members. The named plaintiffs have the same interests as to other members of the class and subclasses defined in ¶¶36 and 37(a)-(y) above and will vigorously prosecute these interests on behalf of the class and subclasses defined in ¶¶36 and 37(a)-(y) above.

41. The named plaintiffs will fairly and adequately represent the interests of the class and subclasses defined in ¶¶36 and 37(a)-(y) above.

42. The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for all Plaintiffs is an experienced litigator who has been named counsel for several class actions. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class and subclasses defined in ¶¶36 and 37(a)-(y) above under Rule 23(b)(3).

43. The reasons, *inter alia*, that a class action under Rule 23(b)(3) is superior to other available methods of adjudicating the controversy alleged with respect to the class and subclasses defined in ¶¶36 and 37(a)-(y) above are the same as those alleged in ¶34(a)-(e) above with respect to the class and subclasses defined in ¶¶36 and 37(a)-(y) above.

X.   FLSA COLLECTIVE ACTION ALLEGATIONS (§ 206(a))(FLSA)

44. Pursuant to the collective action procedure specified at 29 U.S.C. §216(b) and the Fourth Claim for Relief, named plaintiff Floricel Morales-Cruz file this collective action for each similarly situated person who was jointly employed by one or more of the defendants and one or more of the farm labor contractors used by one or more of the defendants in 2016 to perform the corn harvesting work in 2016 that is described in ¶77 below for varying periods of time in excess of two weeks in 2016.

45. This FLSA collective action for the Fourth Claim for Relief is on behalf of those members of the FLSA collective action for all workweeks that occurred in whole or in part during the time periods described in ¶44 above and ¶77 below in which named plaintiff Floricel Morales-Cruz and the members of this FLSA collective action were or will not be paid at the hourly rate required by 29 U.S.C. § 206(a) for the hours they performed corn harvesting work for the defendants when they were jointly employed by one or more of the defendants and one or more of the farm labor contractors that the defendants used in 2016.

46. This collective action is based upon the failure of all defendants to pay named plaintiff Floricel Morales-Cruz and the members of this collective action wages free and clear on or before their regular payday for each workweek for the corn harvesting work described in ¶44 above and ¶77 below at the minimum rate required by 29 U.S.C. § 206(a) for each hour worked or part of an hour that named plaintiff Floricel Morales-Cruz and each member of this collective action worked in that corn harvest in 2016.

XI.   FACTUAL ALLEGATIONS

47. For more than three (3) workweeks in each calendar year falling in the time period from March 1, 2014 through and including December 31, 2016, the defendants directly,

jointly and severally employed one or more of the named
plaintiffs and the members of the collective action, classes,
and subclasses of migrant and seasonal agricultural workers
defined in ¶¶20, 28, 36, 37(a)-(y), and 44-45 above to
perform seasonal labor for the defendants in the weeding the
fields of the defendants, and/or harvesting collards,
cabbage, kale, corn, squash, broccoli, mustard greens and/or
other agricultural products grown by the defendants that
occurred in the time period from March 1, 2014 through and
including December 31, 2016.

48.  In 2014 after March 1, 2014, and again in 2015 and
2016, the defendants had a working arrangement with named
plaintiffs Victoria Hernandez, Florencio José-Ambrosio,
and/or Floricel Morales-Cruz and the subclasses of migrant or
seasonal agricultural workers that are described in ¶¶37(m)-
(o) above that they would any Federal Insurance Contributions
Act payroll taxes in the manner required by federal law on
the wages that they paid to those same named plaintiffs and
any of the persons that are described in ¶47 above for the
work that is described in that same paragraph.

49.  In 2014 after March 1, 2014, and again in 2015 and
2016, without any legally sufficient justification under the
AWPA, the defendants failed to comply with the working
arrangement that is described in ¶48 above by failing to pay

all Federal Insurance Contributions Act payroll taxes in the manner required by federal law on all of the wages that they paid to those same named plaintiffs and the persons that are described in ¶48 above for the work that is described in ¶47 that was performed by the members of the subclasses that are described in ¶¶37(m)-(o) above .

50.   In each of the three (3) calendar years in the time period including calendar years 2014-16, inclusive, the defendants employed at least ten (10) fulltime non-seasonal agricultural workers within the meaning of N.C.Gen.Stat. § 97-2(2) in their packing house in Rose Hill, North Carolina.

51.   In calendar year 2014 after March 1, and again in 2015 and 2016, the defendants had a working arrangement with named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and/or Floricel Morales-Cruz and the migrant or seasonal agricultural workers that are members of the subclasses described in ¶¶37(p)-(r) above that they would provide workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly or jointly employed in any of those same three (3) years.

52.   In 2014 after March 1, 2014, in 2015, and in 2016, without any legally sufficient justification under the AWPA, the defendants failed to comply with the working arrangement that is described in ¶51 above by failing to provide workers'

compensation insurance in the manner required by North Carolina law for the workers described in ¶51 above that they directly or jointly employed in any of those same three (3) years.

53. In 2014 after March 1, 2014, and again in 2015 and in 2016, the defendants had a working arrangement with named plaintiff Victoria Hernandez, Florencio José-Ambrosio, and/or Floricel Morales-Cruz and with the members of those subclasses of migrant or seasonal agricultural workers that are described in ¶¶37(s)-(u) that the defendants would provide readily accessible, suitably cool drinking water in the field in the manner required by North Carolina law for those same workers that they directly or jointly employed during those same time periods.

54. In 2014 after March 1, 2014, in 2015, and in 2016, without any legally sufficient justification under the AWPA, the defendants failed to comply with the working arrangement that is described in ¶53 above by failing to provide readily accessible, suitably cool drinking water in the field in the manner required by North Carolina law for those same workers that they directly or jointly employed at any time during those same time periods.

55. In 2016, the defendants knowingly and intentionally provided false or misleading information to named plaintiffs

Victoria Hernandez and Florencio José-Ambrosio and the members of the subclass of migrant or seasonal agricultural workers defined in ¶37(v) those two (2) named plaintiffs seek to represent that the defendants would not provide workers' compensation insurance coverage to those workers in the 2016 season even though the defendants were required by North Carolina law to provide workers' compensation insurance coverage for all of their employees in 2016.

56.  In 2016, as of the date of hire and throughout the joint employment of Pedro Humberto Castillo-Caceres and the other members of the crew of workers furnished by farm labor contractor Alejandro Salazar that the defendants jointly employed in the 2016 harvest season, the defendants had an implicit working arrangement to provide workers' compensation insurance to named plaintiff Pedro Humberto Castillo-Caceres and the other members of the crew of workers furnished by farm labor contractor Alejandro Salazar that the defendants jointly employed in the 2016 harvest season because the defendants were required by North Carolina law to provide workers' compensation insurance coverage for all of their employees in 2016.

57.  In June 2016, the defendants had a working arrangement with named plaintiff Pedro Humberto Castillo-Caceres and the other members of the crew of workers

furnished by farm labor contractor Alejandro Hernandez that the defendants would provide readily accessible, suitably cool drinking water in the field to those workers in the manner required by North Carolina law.

58. On June 24, 2016, the defendants, without any legally sufficient justification under AWPA, failed to comply with the working arrangements that are described in ¶¶56 and 57 above.

59. As a direct and proximate result of these failures, plaintiff Pedro Humberto Castillo-Caceres suffered heatstroke which required hospital care on or about June 24, 2016 for which no workers' compensation insurance coverage was provided by the defendants.

60. As a direct and proximate result of these failures, plaintiff Pedro Humberto Castillo-Caceres suffered severe emotional distress and incurred a substantial debt for the hospital care was medically necessary for him to obtain on or about June 24, 2016.

61. In or about December 2014, the defendants utilized farm labor contractors Domingo Cruz, Alejandro Salazar, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiff Victoria Hernandez and/or the other migrant and seasonal agricultural workers who are members of

the subclass defined in ¶37(w) that she seeks to represent to perform various types of agricultural work in the fields or packing house owned, controlled, and/or operated by the defendants.

62. Upon information and belief, the defendants' utilized each of the farm labor contractors named in ¶61 above for a total of more than thirteen (13) weeks in 2014 without first taking reasonable steps to determine that each of those same farm labor contractors possessed a valid certificate of registration which authorized that particular person to perform those farm labor contracting activities in 2014 after March 1, 2014.

63. In 2015, the defendants utilized farm labor contractors Domingo Cruz, Alejandro Salazar, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and/or Floricel Morales-Cruz, and/or the other migrant and seasonal agricultural workers who are members of the subclass defined in ¶37(x) that they seek to represent to perform various types of agricultural work in the fields or packing house owned, controlled, and/or operated by the defendants.

64. Upon information and belief, the defendants' utilized each of the farm labor contractors named in ¶63

above for a total of more than thirteen (13) weeks in 2015 without first taking reasonable steps to determine that each of those same farm labor contractors possessed a valid certificate of registration which authorized that particular person to perform those farm labor contracting activities in 2015.

65. In 2016, the defendants utilized farm labor contractors Domingo Cruz, Alejandro Salazar, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and/or Floricel Morales-Cruz, and/or the other migrant and seasonal agricultural workers who are members of the subclass defined in ¶37(y) that they seek to represent to perform various types of agricultural work in the fields or packing house owned, controlled, and/or operated by the defendants.

66. Upon information and belief, the defendants' utilized each of the farm labor contractors named in ¶65 above for a total of more than thirteen (13) weeks in 2016 without first taking reasonable steps to determine that each of those same farm labor contractors possessed a valid certificate of registration which authorized that particular person to perform those farm labor contracting activities in 2016.

67. The persons known to the defendants and one or more of the named plaintiffs as Domingo Cruz, Alejandro Salazar, and/or Alejandro José did not possess at any time in the time period from January 1, 2014 through December 31, 2016 a valid certificate of registration issued by the U.S. Department of Labor ("DOL") which authorized any one of those same persons to perform any farm labor contracting activities for the defendants at any time in 2014, 2015, and 2016.

68. In or about November and December 2015, the defendants employed or jointly employed named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and those migrant and seasonal agricultural workers that are described in ¶20 above to perform various forms of agricultural work in the fields owned or controlled by one or more of the defendants.

69. Later on the same days described in ¶68 above in or about November and December 2015, the defendants also employed or jointly employed named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and those migrant and seasonal agricultural workers that are described in ¶20 above to perform various forms of agricultural work in the packing house owned or controlled by one or more of the defendants.

70.  In order to perform that work in the packing house that is described in ¶69 above, one or more of the defendants instructed the workers that are described in ¶68 above to travel and permitted them to travel all in a day's work from the fields described in ¶68 to the packing house described in ¶69 above.

70A. Pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2), in both 2015 and 2016, the defendants disclosed to the two named plaintiffs and the class of workers described in ¶20 above that the defendants would pay them and agreed to pay them at their regular hourly rate of pay for all hours worked, including work that was travel that is all within the day's work as described in 29 C.F.R. § 785.38.

70B. In 2015, the defendants made the disclosures described in ¶69 to the two named plaintiffs and the class of workers described in ¶20 above before any work that was travel that was all in the day's work was performed by those same workers in 2015.

70C. Over the course of at least two (2) workweeks in each of the two (2) months described in ¶¶68-70 above the workers described in ¶¶68-70 above performed work that was travel all in a day's work totaling in excess of two (2) hours in the same workweek for which none of those workers

received any promised wages from the defendants when those wages were due.

71.  The practice that is described in ¶¶68-70 and 70C above and disclosures that described in ¶¶70A-70B above, inclusive, repeated in or about November and December 2016 and the defendants again did not pay the members of the class defined in ¶20 above all promised wages when they were due for the work that they performed that was travel all in a day's work totaling in excess of two (2) hours in the same workweek in or about November and December 2016.

72.  During the time periods that are described in ¶47 above, starting on or about Thursday, March 10, 2016 and continuing through on or about Thursday, April 28, 2016 (with one weekly exception), the defendants deducted twenty-five dollars ($25.00) from the total amount of weekly wages that were due named plaintiffs Victoria Hernandez and Florencio José-Ambrosio on each Thursday's payday during that same time period.

73.  The defendants made the wage deductions that are described in ¶72 above without any written authorization signed by plaintiffs Victoria Hernandez and Florencio José-Ambrosio.

74.  The wage deductions that are described in ¶72 above were not required by law.

75.  As a direct and proximate result of the wage deductions that are described in ¶72 above, the defendants did not pay plaintiffs Victoria Hernandez and Florencio José-Ambrosio all promised wages when those wages were due at the wage rate that one or more of the defendants had disclosed to those two (2) plaintiffs pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2).

75A. In 2015, the defendants failed to pay weekly wages in 2015 to the two named plaintiffs and the employees described in ¶¶20 and 37(a) above for all hours worked including travel that was all in the day's work when those wages were due at the regular hourly rate that the defendants had agreed to pay and disclosed to those employees pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) when those employees were directly or jointly employed by one or more defendants and/or one or more of those same farm labor contractors used by the defendants in 2015 to perform agricultural work.  That failure occurred in the form of non-payment for all hours of work that were travel all in the day's work as described in ¶¶68-71, inclusive, above.

76.  In 2015, the defendants and the farm labor contractors named in ¶¶28 and 37(b) above failed to pay named plaintiff Floricel Morales-Cruz and the employees described in ¶¶28 and 37(b) above weekly wages in 2015 when they were

due at the piece rate that the defendants and/or those same farm labor contractors disclosed to and agreed to pay those workers pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all units of agricultural products harvested at that piece rate basis when they were directly or jointly employed by one or more defendants and/or one or more of those same farm labor contractors to perform agricultural work on a piece rate basis at any time in that same time period. That failure occurred in the form of undercounting or not crediting the actual number of units harvested for several pay periods when collards, squash, corn, and green beans were harvested by those workers.

77. In 2016, the defendants and the farm labor contractors named in ¶¶28 and 37(c) above, and referred to in ¶¶44-46 above failed to pay named plaintiff Floricel Morales-Cruz and the employees described in ¶¶28, 37(c), and 44-45 above any weekly wages in 2016 when they were due at the piece rate that the defendants and/or those same farm labor contractors disclosed to and agreed to pay those workers pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and at the minimum hourly rate required by 29 U.S.C. § 206(a) for the hours worked performed in the corn harvest in 2016 at that piece rate basis and at that required hourly minimum rate when they were directly or jointly employed by one or more

defendants and/or one or more of those same farm labor contractors to harvest corn on a piece rate basis at any time in that same time period. That failure occurred when the defendants determined at the end of the corn harvest that the quality of the corn harvested by those workers in 2016 justified not paying plaintiff Floricel Morales-Cruz and all members of the crew of workers furnished by farm labor contractor Alejandro Salazar any compensation for the work that they performed harvesting corn for the defendants in 2016.

78.  During the entire time period that the defendants' corn was in the process of harvesting by the workers described in ¶77 above, one or more of the defendants or their agents were in the field on a daily basis to observe, direct, supervise, and control the quality of the corn harvested by those same workers, and permitted plaintiff Floricel Morales-Cruz and all members of the crew of workers furnished by farm labor contractor Alejandro Salazar plaintiff to perform that work until all that corn was harvested by those workers for the defendants.

79.  In 2014 after March 1, 2014 through December 31, 2014, the defendants failed to ascertain and accurately disclose in writing to plaintiff Victoria Hernandez and each member of the subclass that is described in ¶37(d)

above at the time of recruitment the wage rates to be paid for their direct or joint employment by one or more of the defendants in the type of field or packing house work that is described in ¶¶7(c) and 47 of this complaint for that same time period.

80.  In 2015, the defendants failed to ascertain and accurately disclose in writing to named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and each member of the subclass that is described in ¶37(e) above at the time of recruitment the wage rates to be paid for their direct or joint employment by one or more of the defendants in the type of field or packing house work that is described in ¶¶6(a), 7(a), 7(c)-(d), and 47 of this complaint for that same time period.

81.  In 2016, the defendants failed to ascertain and accurately disclose in writing to named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and each member of the subclass that is described in ¶37(f) above at the time of recruitment the wage rates to be paid for their direct or joint employment by one or more of the defendants in the type of field or packing house work that is described in ¶¶6(b), 7(a), and 47 of this complaint for that same time period.

82. In 2014 for more than thirteen workweeks after March 1, 2014 and through December 31, 2014, as part of the employment that is described in ¶¶7(c) and 47 above, the defendants and the farm labor contractors that they used in that same time period failed to maintain accurate wage records as to the number of hours worked when they directly or jointly employed named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers described in ¶37(g) above to perform the type of work that is described in ¶7(c) and 47 of this complaint.

83. In 2015, for more than thirteen workweeks, as part of the employment that is described in ¶¶6(a), 7(a), 7(c)-(d) and 47 above, the defendants and the farm labor contractors that they used in that same time period failed to maintain accurate wage records as to the number of hours worked when they directly or jointly employed named plaintiff Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz, and those migrant and seasonal agricultural workers described in ¶37(h) above to perform the type of work that is described in ¶¶6(a), 7(a), 7(c)-(d), and 47 of this complaint.

84. In 2016, for more than thirteen workweeks, as part of the employment in 2016 that is described in ¶¶6(b), 7(a) and 47 above, the defendants and the farm labor contractors

that they used in that same time period failed to maintain accurate wage records as to the number of hours worked when they directly or jointly employed named plaintiff Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz, and those migrant and seasonal agricultural workers described in ¶37(i) above to perform the type of work that is described in ¶¶6(b), 7(a), and 47 of this complaint.

85. In 2014 for more than thirteen workweeks in 2014 after March 1, 2014 and through December 31, 2014, as part of the employment in 2014 that is described in ¶¶7(c) and 47 above, the defendants and the farm labor contractors that they used in that same time period failed to provide named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers described in ¶37(j) above an itemized wage statement including accurate information as to the number of hours worked when they were directly or jointly employed after March 1, 2014 in 2014 by one or more of the defendants to perform the type of work described in ¶¶7(c) and 47 in this complaint.

86. In 2015 for more than thirteen workweeks in 2015, as part of the employment in 2015 that is described in ¶¶6(a), 7(a), 7(c)-(d) and 47 above, the defendants and the farm labor contractors that they used in that same time period failed to provide named plaintiff Victoria Hernandez,

Florencio José-Ambrosio, and Floricel Morales-Cruz, and those migrant and seasonal agricultural workers described in ¶37(k) above an itemized wage statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2015 by one or more of the defendants to perform the type of work described in ¶¶6(a), 7(a), 7(c)-(d) and 47 in this complaint.

87. In 2016 for more than thirteen workweeks in 2016, as part of the employment in 2016 that is described in ¶¶6(b), 7(a), and 47 above, the defendants and the farm labor contractors that they used in that same time period failed to provide named plaintiff Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz, and those migrant and seasonal agricultural workers described in ¶37(l) above an itemized wage statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2015 by one or more of the defendants to perform the type of work described in ¶¶6(b), 7(a), and 47 in this complaint.

88. Acting by and through their attorney, by letter sent by facsimile and by U.S. Mail to all of the defendants on August 5, 2016, named plaintiffs Victoria Hernandez and Florencio José-Ambrosio notified the defendants of their collective and class action wage and other statutory claims

under the Fair labor Standards Act, 29 U.S.C. §§ 201 et
seq., the AWPA, and the NCWHA. A true and correct copy of
that letter is attached to this complaint marked as
Plaintiffs' Exhibit A.

89. The claims of the two named plaintiffs in that
August 5 letter were made in good faith and were based upon a
reasonable factual basis at the time they were made.

90. On August 5, 2016, defendant Debbie Teachey
conversed by telephone with plaintiffs' counsel about the
content of that August 5, 2016 letter that she received by
facsimile on that same date.

91. The telephone conversation on August 5, 2016 ended
on August 5, 2016 when defendant Debbie Teachey indicated
that she wanted to confer with her attorney before she
proceeded with any more discussion about the matter.

92. On August 12, 2016, defendant Debbie Teachey again
called plaintiffs' counsel, and requested that plaintiffs
Victoria Hernandez and Florencio José-Ambrosio (hereinafter
referred to as the "two named plaintiffs") make an offer to
settle their claims against all of the defendants.

93. That August 12, 2016 telephone conversation
concluded with a statement by counsel for the two named
plaintiffs that he would confer with the two named plaintiffs

and respond the following week with the position of the two named plaintiffs.

94. On more than occasion after August 5 and before September 17, 2016, one or more of the defendants verbally to expressed to a third party the defendants intent to terminate the employment of the two named plaintiffs in an attempt to frustrate and discourage the efforts of the two named plaintiffs to vindicate their rights u under the AWPA, the FLSA, and the NCWHA. This intent was communicated to the two named plaintiffs by a third party.

95. On September 15, 2016, after more than one call to the defendants to arrange another conference call to discuss the matters raised in the August 5, 2016 letter to the defendants, counsel for the two named plaintiffs and defendants Debbie Teachey and Michael T. Teachey conferred at length about the content of that August 5 letter and certain new disciplinary practices that the defendants had instituted after August 5, 2016.

96. In that September 15, 2016 telephone conversation the tentative terms of a possible settlement of the individual claims raised in the August 5 letter were discussed. It was agreed that plaintiffs' counsel was to send a confirming letter with the tentative terms of that

possible settlement offer to the defendants after September 15, 2016.

97. On September 19, 2016, the two named plaintiffs were discharged by the defendants based upon a work-related incident that occurred on Saturday, September 17, 2016 in which the two plaintiffs allegedly left work at 3:00 PM without warning to the supervisor. However, warning was given earlier in that same workday (September 17) to both defendant Marshall "Mark" Teachey and the defendants' longtime field supervisor, Tomas Gaspar, of the two plaintiffs' intent to leave work before the normal 5:00 PM without any disapproval from either of those direct supervisors of the two named plaintiffs.

97A. The reason given by the defendants for that discharge was a pretext for the defendants' intent to retaliate and discriminate against the two named plaintiffs for their exercise of their rights under the NCWHA to obtain payment of all wages when due and to discourage them from exercising their rights under the AWPA, the FLSA, and the NCWHA.

98. At or about the same time that the defendants discharged the two named plaintiffs for the pretextual reason given for that discharge, the defendants had not disciplined at least one other similarly situated employee of the

defendants who had regularly engaged in the same actions that the defendants cited as the reason for the discharge of the two named plaintiffs on September 19, 2017.

99. By letter dated September 27, 2017, an attorney associated with the law firm of Nexsen Pruet notified the plaintiffs' attorney that his law firm had been retained to represent the defendants in this matter.

100. Thereafter and pursuant to 29 U.S.C. § 1854(c)(2), acting by and through their attorney, the two named plaintiffs, joined by named plaintiffs Floricel Morales-Cruz and Pedro Humberto Castillo-Caceres, attempted to resolve this matter by private negotiation in the time period after the discharge of the two plaintiffs and continuing through March 8, 2017.

101. Again pursuant to 29 U.S.C. § 1854(c)(2), the plaintiffs' efforts to resolve this matter by private negotiation included, but were not limited to, the following:

(a) Another letter dated December 16, 2016 sent by e-mail and U.S. Mail on that same date to defendants' attorneys.

(b) A series of e-mails between plaintiffs' attorneys and defendants' attorneys.

(c) The negotiation and signing of a tolling agreement between the plaintiffs and the defendants to allow the

parties to have additional time to negotiate the settlement of this matter by private negotiation without the harmful effect that the time used for that purpose would have on the claims of the plaintiffs and the workers they seek to represent through the negative effect of the statutes of limitations applicable to those claims. A true and correct copy of that tolling agreement is attached to this Complaint marked as Plaintiffs' Exhibit B.

(d) The plaintiffs' provision of a detailed settlement offer to resolve all claims in this action sent by e-mail on February 21, 2017 during regular working hours to the defendants' attorneys.

102. By and through their attorney, the defendants agreed on February 10, 2017 to the Tolling Agreement described in ¶101(c) above on the condition that the plaintiffs would make a written settlement offer to the defendants as to all claims in this matter by on or before Monday, February 27, 2017.

103. Pursuant to 29 U.S.C. § 1854(c)(2) and the condition described in ¶102 above, the plaintiffs complied with that condition by extending the written settlement offer that is described in ¶101(d) above

104. When the plaintiffs extended the written settlement offer that is described in ¶¶101(d) and 103 above, the

plaintiffs also gave written notice of their termination of the Tolling Agreement pursuant to Section 3 of that same Tolling Agreement.

105. Pursuant to Section 3 of that same Tolling Agreement, the plaintiffs' February 21, 2017 termination of dissolved that Tolling Agreement effective Wednesday, March 15, 2017, the first calendar date falling twenty-one (21) days after the plaintiffs' February 21, 2017 termination notice.

106. Pursuant to 29 U.S.C. § 1854(c)(2), in the plaintiffs' February 21, 2017 written notice of the termination of the Tolling Agreement between the parties, the plaintiffs expressed their willingness to consider extending or renewing that Tolling Agreement if the defendants delivered what the plaintiffs considered to be a good faith settlement offer before Wednesday, March 8, 2017.

107. The defendants did not deliver any settlement offer of any kind to the plaintiffs on or before March 8, 2017.

108. Instead, the defendants provided written notice by e-mail letter sent on March 7, 2017 to plaintiffs' attorney that they had retained another law firm, the law firm of Williams Mullen, P.C., to represent them in addition to the law firm of Nexsen Pruet that continued and continues to represent them in this matter through at least March 9, 2017.

109. In that e-mail letter of March 7, 2017, the defendants' new law firm noted that since it was only recently retained, it had not had the opportunity to fully investigate those claims but was in the process of doing so. Based upon the new law firm's recent retention, the new law firm asked that the plaintiffs hold any threatened legal action in abeyance until the new law firm had the opportunity to review the chronology of this dispute and to confer with the defendants.

110. By e-mail sent on March 8, 2017 to both the new law firm and the original law firm retained to represent the defendants in this matter, the plaintiffs notified them both that the plaintiffs considered the Tolling Agreement described in ¶101(c) above to be terminated. In that same e-mail, the plaintiffs advised that their view on this point was based on the view that the plaintiffs did not consider the March 7, 2017 letter and request for more time that is described in ¶109 above to be a good faith settlement offer as described in ¶106 above.

111. In that same March 8, 2017 e-mail and pursuant to 29 U.S.C. § 1854(c)(2), the plaintiffs also advised that the plaintiffs' filing of a civil action to protect their rights did not preclude the defendants from extending any settlement offer that they may care to extend in response to the

plaintiffs' February 21, 2017 settlement offer, and that the plaintiffs were and continue to be willing to delay serving the defendants for a brief period of time to allow that to occur if the plaintiffs received some reliable assurance from the defendants of their intent to make a good faith counteroffer to the plaintiffs' settlement offer of February 21, 2017.

112. To date, the plaintiffs have not received any counteroffer to the plaintiffs' settlement offer of February 21, 2017.

113. Upon information and belief, the defendants are experienced agricultural employers who have had more than one opportunity to participate in and/or actually participated in one or more educational events put on by the Farm Labor Practice Group ("FLPG"), the North Carolina Cooperative Extension Service, the North Carolina Department of Labor, and/or the U.S. Department of Labor in the years immediately preceding the actions and omissions that are the subject of this Complaint.

XII. <u>FIRST CLAIM FOR RELIEF (NCWHA #1)</u>

114 Paragraphs 4 through 6(b), inclusive, ¶¶8 through 26, inclusive, ¶47, ¶¶68-71, inclusive, ¶75A, and ¶113 above, are realleged and incorporated herein by reference by the two named plaintiffs and each member of the class defined in ¶20

of this complaint that the two named plaintiffs seek to represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against all defendants under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq*.

115. As alleged in ¶¶4 through 6(b), inclusive, ¶¶8 through 26, inclusive, ¶47, ¶¶68-71, inclusive, ¶75A, and ¶113 above, all defendants violated their duty to the two named plaintiffs and the class defined in ¶20 above to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant to the terms of the agreement and disclosures that are described in ¶¶68-71, inclusive, and ¶75A above that all defendants made with the two named plaintiffs and the members of the class defined in ¶20 above.

116. As a result of the actions or omissions of all defendants that are described or referred to in ¶¶¶¶4 through 6(b), inclusive, ¶¶8 through 26, inclusive, ¶47, ¶¶68-71, inclusive, ¶75A, and ¶113 of this complaint, the two named plaintiffs and each person who is a member of the class defined in ¶20 above of this complaint have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and 95-25.22(a1).

XIII. <u>SECOND CLAIM FOR RELIEF (NCWHA #2)</u>

117. Paragraphs 4 through 5, inclusive, 7(a), 8-18, inclusive, 27-34, inclusive, 47, and 76-78, inclusive, above are realleged and incorporated herein by reference by named plaintiff Floricel Morales-Cruz and each member of the class defined in ¶28 of this complaint that named plaintiff Floricel Morales-Cruz seeks to represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against all defendants under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq.*

118. As alleged in ¶¶4 through 5, inclusive, 7(a), 8-18, inclusive, 27-34, inclusive, 47, and 76-78, inclusive, above, the defendants violated their duty to named plaintiff Floricel Morales-Cruz and the class defined in ¶28 above to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant to the terms of the agreement and disclosures that are described in ¶¶76-77, inclusive, above, that the defendants made to and has and had with the named plaintiffs and the members of the class defined in ¶28.

119. As a result of the actions or omissions of defendant Triple J and/or an enterprise operated by defendant Triple J, defendant Farms, and defendant Brothers that are described or referred to in 4 through 5, inclusive, 7(a), 8-18, inclusive, 27-34, inclusive, 47, and 76-78, inclusive, above of this complaint, named plaintiff Floricel Morales-

Cruz and each person who is a member of the class defined in ¶28 above of this complaint have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and 95-25.22(a1).

## XIV. THIRD CLAIM FOR RELIEF (AWPA)

120. Paragraphs 4 through 18, inclusive, ¶¶35 through 43, inclusive, ¶¶47 through 55, inclusive, ¶¶61-67, inclusive, and ¶¶75A-113, inclusive, above are realleged and incorporated herein by reference by all named plaintiffs and each member of the classes and subclasses defined in ¶¶36 and 37(a)-(y) above of this complaint that named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz seek to represent pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure against all defendants under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq.

121. Except as specifically alleged below, during each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants intentionally violated the AWPA and its implementing regulations in the following ways with respect to the

following subclasses of the class defined in ¶36 above:

(a)   in 2015, named plaintiffs Victoria Hernandez and Florencio José-Ambrosio and those workers described in ¶20 above that the defendants either directly employed or jointly employed with one or more of the farm labor contractors that the defendants used in 2015 whom all defendants failed to pay weekly wages in 2015 that were or will be due when they were due for all hours worked, including but not limited to travel that is all in the day's work, when they were directly or jointly employed by one or more defendants to perform any agricultural work at any time in that same time period when the gross compensation paid did not or will not equal or exceed the product of the hours worked and the specific hourly rate disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(b)   in 2015, named plaintiff Floricel Morales-Cruz and those workers described in ¶28 above that named plaintiff Floricel Morales-Cruz seeks to represent pursuant to Rule 23(b)(3) to whom all defendants failed to pay weekly wages in 2015 that were or will be due when they were due for all units of agricultural products harvested on a piece rate basis when they were either directly employed in 2015 by one or more of the defendants or jointly employed by one or more of the defendants and one or more of the farm labor

contractors that the defendants used in 2015 to perform any agricultural work at any time in 2015 when the gross compensation paid did not or will not equal or exceed the product of the actual number of units of agricultural products harvested on a piece rate basis and the specific piece rate for that specific type of agricultural product disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(c) in 2016, named plaintiff Floricel Morales-Cruz and those workers described in ¶28 above that named plaintiff Floricel Morales-Cruz seeks to represent pursuant to Rule 23(b)(3) to whom all defendants failed to pay weekly wages in 2016 that were or will be due when they were due for all units of agricultural products harvested on a piece rate basis when they were either directly employed in 2016 by one or more of the defendants or jointly employed by one or more of the defendants and one or more of the farm labor contractors that the defendants used in 2016 to perform any agricultural work at any time in 2016 when the gross compensation paid did not or will not equal or exceed the product of the actual number of units of agricultural products harvested on a piece rate basis and the specific piece rate for that specific type of agricultural product

disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(d) in 2014 after March 1, 2014 through December 31, 2014, named plaintiff Victoria Hernandez and those migrant agricultural workers that named plaintiff Victoria Hernandez seeks to represent pursuant to Rule 23(b)(3) to whom all defendants failed to ascertain and accurately disclose in writing to each such worker who was recruited at the time of recruitment the wage rates to be paid for their direct or joint employment by one or more of the defendants in the type of field or packing house work that is described in ¶7(c) of this complaint for that same time period in violation of 29 U.S.C. § 1821(a)(2), and

(e) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant agricultural workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom all defendants failed to ascertain and accurately disclose in 2015 in writing to each such worker who was recruited at the time of recruitment the wage rates to be paid in 2015 for their direct or joint employment by one or more of the defendants in the type of field or packing house work that is described in ¶¶6(a), 7(a), and

7(c)-(d) of this complaint for that same time period in violation of 29 U.S.C. § 1821(a)(2), and

(f) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant agricultural workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom all defendants failed to ascertain and accurately disclose in 2016 in writing to each such worker who was recruited at the time of recruitment the wage rates to be paid in 2016 for their direct or joint employment by one or more of the defendants in the type of field or packing house work that is described in ¶¶6(b) and 7(a) of this complaint for that same time period in violation of 29 U.S.C. § 1821(a)(2), and

(g) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers that named plaintiff Victoria Hernandez seeks to represent pursuant to Rule 23(b)(3) for whom all defendants failed to maintain accurate wage records as to the number of hours worked when directly or jointly employed by one or more of the defendants in 2014 to perform the type of work that is described in ¶7(c) of this complaint in violation of 29 U.S.C. §§ 1821(d)(1)(C) and 1831(c)(1)(C), and

(h) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom all defendants failed to maintain accurate wage records as to the number of hours worked when directly or jointly employed by one or more of the defendants in 2015 to perform the type of work that is described in ¶¶6(a), 7(a), and 7(c)-(d) of this complaint in violation of 29 U.S.C. §§ 1821(d)(1)(C) and 1831(c)(1)(C), and

(i) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom all defendants failed to maintain accurate wage records as to the number of hours worked when directly or jointly employed by one or more of the defendants in 2016 to perform the type of work that is described in ¶¶6(b) and 7(a) of this complaint in violation of 29 U.S.C. §§ 1821(d)(1)(C) and 1831(c)(1)(C), and

(j) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers that named plaintiff Victoria Hernandez seeks to represent to whom all

defendants failed to provide an itemized statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2014 by one or more of the defendants to perform the type of work described in ¶7(c) in this complaint in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and

(k) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent to whom all defendants failed to provide an itemized statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2015 by one or more of the defendants to perform the type of work described in ¶¶6(a), 7(a), and 7(c)-(d) of this Complaint in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and

(l) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers that those same three (3) named plaintiffs seek to represent to whom all defendants failed to provide an itemized statement including accurate information as to the number of hours worked when they were directly or jointly employed in 2016 by one or more of the defendants to perform the type of work

described in ¶¶6(b) and 7(a) of this Complaint in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and

(m) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2014 season the working arrangement for payment of all applicable taxes on wages and any required wage tax withholdings in the manner required by federal and North Carolina law that the defendants and the farm labor contractors that the defendants utilized in 2014 after March 1, 2014 had with those same workers that they directly or jointly employed during 2014 after March 1, 2014 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(n) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2015 season the working arrangement for payment of all applicable taxes on wages and any required wage tax withholdings in the manner required by federal and North Carolina law that the defendants and the farm labor contractors that the defendants utilized in 2015 had with those same workers that they

directly or jointly employed during 2015 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(o) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2016 season the working arrangement for payment of all applicable taxes on wages and any required wage tax withholdings in the manner required by federal and North Carolina law that the defendants and the farm labor contractors that the defendants utilized in 2016 had with those same workers that they directly or jointly employed during 2016 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(p) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2014 season their working arrangement for the provision of workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly or jointly employed during 2014 after March 1, 2014 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(q) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those

migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2015 season their working arrangement for the provision of workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2015 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(r) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2016 season their working arrangement for the provision of workers' compensation insurance in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2016 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(s) in 2014 after March 1, 2014 and through December 31, 2014, named plaintiff Victoria Hernandez and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2014 season their working arrangement for the provision of readily accessible, suitably cool drinking water in the field in the manner required by North Carolina law for those same workers that they directly or jointly employed during 2014 after

March 1, 2014 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(t) in 2015, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2015 season their working arrangement for the provision of readily accessible, suitably cool drinking water in the field in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2015 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(u) in 2016, named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and those migrant and seasonal agricultural workers with whom one or more defendants violated, without justification, in the 2016 season their working arrangement for the provision of readily accessible, suitably cool drinking water in the manner required by North Carolina law for those same workers that they directly or jointly employed in 2016 in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(v) in 2016, the defendants knowingly provided false or misleading information to named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, Floricel Morales-Cruz, and the migrant and seasonal agricultural workers those three

(3) named plaintiffs seek to represent that the defendants
would not provide workers' compensation insurance coverage to
those workers in the 2016 season even though the defendants
were required to provide workers' compensation insurance
coverage for all of their employees in 2016 because the
defendants regularly employed at least 10 fulltime non-
seasonal agricultural workers in 2016 within the meaning of
N.C.Gen.Stat. § 97-2(2);

(w) in or about December 2014 and, upon information and
belief, each for total of more than thirteen (13) weeks in
2014, the defendants utilized farm labor contractors Domingo
Cruz, Alejandro Salazar, and/or Alejandro José for a fee or
other valuable consideration to supply and furnish, jointly
employ, or transport named plaintiff Victoria Hernandez
and/or the other migrant and seasonal agricultural workers
she seeks to represent to perform work for the defendants in
the harvest of cabbage, kale, mustard greens, and other
agricultural products without first taking reasonable steps
to determine that Domingo Cruz, Alejandro Salazar, and
Alejandro José possessed a valid certificate of registration
which authorized that particular person to perform those farm
labor contracting activities;

(x) in or about the months of March, April, and part of
May and part of June 2015 and, upon information and belief,

including those earlier months in 2015, for a total of more than thirteen (13) weeks in 2015, the defendants utilized farm labor contractors Domingo Cruz, Alejandro Salazar, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and/or the other migrant and seasonal agricultural workers those same two (2) named plaintiffs seek to represent to perform work for the defendants weeding the fields of the defendants, and/or harvesting collards, cabbage, kale, corn, squash, broccoli, and mustard greens and/or other agricultural products without first taking reasonable steps to determine that Domingo Cruz, Alejandro Salazar, and/or Alejandro José possessed a valid certificate of registration which authorized that person to perform those farm labor contracting activities;

(y) for more than thirteen weeks in 2016, the defendants utilized farm labor contractor Alejandro Salazar, Domingo Cruz, and/or Alejandro José for a fee or other valuable consideration to supply and furnish, jointly employ, or transport named plaintiff Floricel Morales-Cruz and/or the other migrant and seasonal agricultural workers that named plaintiff Morales-Cruz seeks to represent to perform work for the defendants harvesting collards, cabbage, kale, corn, and

mustard greens and other agricultural products without first taking reasonable steps to determine that Domingo Cruz, Alejandro Salazar, and/or Alejandro José possessed a valid certificate of registration which authorized that person to perform those farm labor contracting activities.

122. As a result of the intentional actions or omissions of all defendants that are described or referred to in ¶¶4 through 18, inclusive, ¶¶35 through 43, inclusive, ¶¶47 through 55, inclusive, ¶¶61-67, inclusive, and ¶¶75A-113, inclusive, above, of this complaint, all named plaintiffs and each person who is a member of the class and subclasses defined in ¶¶36 and 37(a)-(y) above of this complaint have suffered damages, and are entitled to payment of statutory damages pursuant to 29 U.S.C. § 1854(c)(1) for each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action.

XV.  FOURTH CLAIM FOR RELIEF (FLSA § 206)

123. Paragraphs 4 through 5, inclusive, 7(a), 8-18, inclusive, 44-47, inclusive, 77-78, inclusive, and 113, above are realleged and incorporated herein by reference by all named plaintiffs and each member of the collective action defined in ¶¶45-46 above of this complaint that named

plaintiff Floricel Morales-Cruz seeks to represent pursuant to 29 U.S.C. § 216(b) against all defendants under §§ 206(a) and 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

124. As alleged in ¶¶4 through 5, inclusive, 7(a), 8-18, inclusive, 44-47, inclusive, 77-78, inclusive, and 113 above, all defendants violated their duty to named plaintiff Floricel Morales-Cruz and the members of the collective action defined in ¶¶45-46 above to pay wages at the minimum rate required by 29 U.S.C. § 206(a) for the work described in ¶7(a), ¶¶8-18, inclusive, ¶¶44-47, inclusive, and ¶¶77-78, inclusive, above that named plaintiff Floricel Morales-Cruz and the members of the collective action defined in ¶¶45-46 above performed for all defendants.

125. As a result of the actions or omissions of all defendants that are described or referred to in ¶¶7(a), 8-18, inclusive, 44-47, inclusive, 77-78 above, inclusive, and 113 above of this complaint, named plaintiff Floricel Morales-Cruz and each person who is a member of the collective action defined in ¶¶45-46 above of this complaint have suffered damages in the form of non-payment or underpayment of wages and liquidated damages that may be recovered under 29 U.S.C. §§ 206(a) and 216(b).

XVI. <u>FIFTH CLAIM FOR RELIEF</u> (AWPA & FLSA wrongful discharge)

126. Paragraphs 4 through 6(b), inclusive, ¶¶7(c)-(d), and ¶¶8-113, inclusive, above are realleged and incorporated herein by reference by all named plaintiffs against all defendants under 29 U.S.C. §§ 1854(c)(1) and 1855(a) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., 29 U.S.C. §§ 215(a)(3) and 216(b) of the Fair Labor Standards Act ("FLSA"), and the common law of wrongful discharge under the public policy of North Carolina.

127. As alleged in ¶¶88-113 above, the defendants have unlawfully, intentionally, and wrongfully discharged the two plaintiffs because the two plaintiffs filed and pursued in good faith the written complaint set forth in their letter to the defendants dated August 5, 2016 (Plaintiffs' Exhibit A attached) under the AWPA, the FLSA, and Sections 95-25.6 and 95-25.8 of the NCWHA.

128. That discharge was in violation of the public policy of the NCWHA declared in N.C.Gen.Stat. § 95-25.1(b) as it was in retaliation for the plaintiffs' complaint by letter dated August 5, 2016 (Plaintiffs' Exhibit A attached) to their employer for, among other things, the defendants' failure to pay them all of their wages when due based upon certain illegal wage deductions.

129. The defendants' pretext for their retaliatory

discharge of the two named plaintiffs is described in ¶¶97 and 97A above.

130. Pursuant to the defendants' regular and longstanding practice to excuse workers early from work on notice to the defendants, defendant Marshall "Mark" Teachey and the defendants' agent, field supervisor Tomas Gaspar, excused the plaintiffs without negative comment or reservation when notice was given by the two named plaintiffs that they wanted to leave work early on Saturday, September 17, 2016.

131. As alleged in ¶¶88-98 above, the defendants have intentionally discriminated and retaliated against the two named plaintiffs because, among other things,:

(a) they exercised their rights under the NCWHA to seek to receive all wages when due without any wage deductions that they had not authorized in writing that were not required by law under N.C.Gen.Stat. §§ 95-25.6 and 95-25.8, and

(b) they exercised their right under the AWPA to receive all wages when due without any wage deductions that they had not authorized in writing that were not required by law under 29 U.S.C. §§ 1822(a) and 1832(a), and

(c) they exercised their right under the AWPA to require that their employer defendants provide weekly wage

statements and maintain wage records that contained accurate information as to hours worked when the plaintiffs and their co-employees were performing work to be compensated on a piece rate basis, and

(d) they exercised their right and the right of their fellow employees to seek payment of the minimum wage rate required by 29 U.S.C. § 206(a) when the defendants had disclosed that wages were to be paid on a piece rate basis for certain harvest work with the guaranteed floor of the minimum wage rate required by 29 U.S.C. § 206(a).

132. The actions of the defendants that are complained of in this claim were taken in willful and deliberate disregard of the rights of the two named plaintiffs under 29 U.S.C. §§ 1855(a), 215(a)(3), and the public policy codified in N.C.Gen.Stat. § 95-25.1(b) with respect to payment of payment of earned wages.

133. The actions of the defendants that are complained of in this claim were taken with willful intent to discourage and impede the efforts of the two named plaintiffs to pursue the vindication of their rights and the rights of the workers that they sought to represent in their letter of complaint to the defendants dated August 5, 2016 under the NCWHA, the FLSA, and the AWPA.

134. The two named plaintiffs are indigent migrant

agricultural workers who survive and support their family from paycheck to paycheck. The defendants' willful discharge of the two named plaintiffs was and is likely to cause serious harm to the two named plaintiffs and their ability to support their family.

135. The defendants had no lawful interest in continuing the illegal wage payment practices which were the subject of the written complaint letter dated August 5, 2016 by the two named plaintiffs.

136. The defendants were fully aware of the probable and substantial economic consequences of their willful conduct.

137. The defendants are fully able to pay punitive damages, as evidenced by their revenues or net worth.

138. As a result of the intentional, deliberate, and willful actions of all defendants that are described or referred to in ¶¶88-98, 113, and 126-137, inclusive, above of this complaint, the two named plaintiffs have suffered damages, are entitled to payment of statutory damages pursuant to 29 U.S.C. § 1854(c)(1) for the illegal retaliation they have suffered in violation of 29 U.S.C. § 1855(a).

139. As a result of the intentional, deliberate, and willful actions of all defendants that are described or referred to in ¶¶88-103 113, and 126-137, inclusive, above of

this complaint, and pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) and the common law of wrongful discharge in violation of the public policy of North Carolina, the two named plaintiffs have suffered damages, and they are entitled to payment of compensation for the emotional distress and mental anguish that they have suffered as a result of their wrongful discharge in an amount to be determined by a jury, and punitive damages in an amount to be determined by a jury.

XVII. <u>SIXTH CLAIM FOR RELIEF</u> (NCHWA – individuals)

140. Paragraphs 4 through 6(b), inclusive, 8-18, inclusive, 47, 72-75, inclusive, and ¶113 above are realleged and incorporated herein by reference by the two named plaintiffs against all defendants under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq*.

141. As alleged in ¶¶4 through 6(b), inclusive, 8-18, inclusive, 47, 72-75, inclusive, and ¶113 above, the defendants violated the NCWHA and their duty to the two named plaintiffs to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant without any unlawful or unauthorized wage deductions in violation of N.C.Gen.Stat. § 95-25.8 that are described in ¶¶72-75, inclusive, above, that the defendants made from the wages due to the two named plaintiffs for the workweeks that are described in ¶¶72-75, inclusive, above.

142. As a result of the actions or omissions of the defendants in violation of N.C.Gen.Stat. §§ 95-25.6 and 95-25.8 that are described or referred to in ¶¶4 through 6(b), inclusive, 8-18, inclusive, 47, 72-75, inclusive, and ¶113 above, of this complaint, the two named plaintiffs have suffered damages in the form of unpaid or underpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and 95-25.22(a1).

XVIII.    SEVENTH CLAIM FOR RELIEF (AWPA - individual)

143. Paragraphs 4 through 5, inclusive, ¶7(b), and ¶¶8-18, inclusive, ¶47, ¶¶56-60, inclusive, and ¶¶100-113, inclusive, above are realleged and incorporated herein by reference by named plaintiff Pedro Humberto Castillo-Caceres against all defendants under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq.

144. In June 2016, all defendants intentionally violated the AWPA and its implementing regulations in the following ways with respect to the following AWPA rights of plaintiff Pedro Humberto Castillo-Caceres:

(a) On June 24, 2016, the defendants, without any legally sufficient justification under AWPA, failed to comply with the working arrangements that are described in ¶¶56 and 57 above in violation of 29 U.S.C. §§ 1822(c) and 1832(c).

145. As a direct and proximate result of these AWPA violations, plaintiff Pedro Humberto Castillo-Caceres suffered heatstroke which required hospital care on or about June 24, 2016 for which no workers' compensation insurance coverage was provided by the defendants.

146 As a direct and proximate result of these AWPA violations, plaintiff Pedro Humberto Castillo-Caceres suffered severe emotional distress and incurred a substantial debt for the hospital care was medically necessary for him to obtain on or about June 24, 2016 for which he is entitled to compensation in the form of actual damages for the severe emotional distress and mental anguish caused by the heatstroke he suffered on June 24, 2016, and the unpaid medical bills that he incurred on that same date for the treatment of the heatstroke that he suffered on June 24, 2016 pursuant to 29 U.S.C. § 1854(c)(1).

XIX. <u>CLAIM FOR DECLARATORY RELIEF</u>

147. Paragraphs 4 through 146 above are realleged and incorporated herein by reference by all of the named plaintiffs, as alleged above, the class and subclasses of persons defined in ¶¶20, 28, 36, and 37(a)-(y), the members of the collective actions defined in ¶¶45-46 above, and the individual claims alleged in ¶¶126-139, ¶¶140-142, and ¶¶143-146, inclusive, above.

148. The parties named in this action and members of the classes, subclasses, and collective actions that all named plaintiffs seek to represent are in dispute as to their respective rights, privileges, obligations, and liabilities under the Fair Labor Standards Act, the Migrant and Seasonal Agricultural Worker Protection Act, and the North Carolina Wage and Hour Act, and the common law of North Carolina, and require declaratory relief as to what those respective rights, privileges, obligations, and liabilities are.

WHEREFORE all named plaintiffs respectfully request that the Court:

(a)   Grant a jury trial on all issues so triable;

(b)   Pursuant to Rule 23(b)(3), Fed.R.Civ.P., and to the extent that each named plaintiff performed any of the work that is the subject of each particular class or subclass claim, certify named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and/or Floricel Morales-Cruz as representatives of the classes and subclasses alleged in ¶¶20, 28, 36, and 37(a)-(y) above with respect to the First, Second, and Third Claims for Relief based upon the factors alleged in ¶¶21-26, 29-34, and 38-43, inclusive, above of this Complaint;

(c)   Pursuant to 29 U.S.C. § 216(b), certify named plaintiff Floricel Morales-Cruz as the representative of the

collective action alleged in ¶¶45-46 above with respect to the Fourth Claim for Relief;

(d) Enter judgment against defendants Debbie Teachey, Marshall "Mark" Teachey, Michael T. Teachey, and Teachey Produce, Inc., jointly and severally, and in favor of each of named plaintiffs Victoria Hernandez, Florencio José-Ambrosio, and Floricel Morales-Cruz and each member of the classes and subclasses defined in ¶¶20 and 28 above for unpaid back wages, liquidated damages where allowed by law, plus pre- and post-judgment interest at the full amount allowed by law under the First Claim for Relief (¶¶114-16), and the Second Claim for Relief (¶¶117-119);

(d) Enter judgment against defendants Debbie Teachey, Marshall "Mark" Teachey, Michael T. Teachey, and Teachey Produce, Inc., jointly and severally, and in favor of each of named plaintiffs Victoria Hernandez and Florencio José-Ambrosio for unpaid back wages and liquidated damages where allowed by law, plus pre- and post-judgment interest at the full amount allowed by law under the Sixth Claim for Relief, ¶¶140-142;

(e) Enter judgment against defendants Debbie Teachey, Marshall "Mark" Teachey, Michael T. Teachey, and Teachey Produce, Inc., jointly and severally, and in favor of each of named plaintiff Pedro Humberto Castillo-Caceres for

compensation in the form of actual damages to be determined by the jury, plus pre- and post-judgment interest at the full amount allowed by law under the Seventh Claim for Relief, ¶¶143-146;

(f) Enter judgment against Debbie Teachey, Marshall "Mark" Teachey, Michael T. Teachey, and Teachey Produce, Inc., jointly and severally, and in favor of each named plaintiffs and each member of the collective actions defined in ¶¶45-46 above for unpaid back wages, liquidated damages where allowed by law, plus pre- and post-judgment interest at the full amount allowed by law under the Fourth Claim for Relief, ¶¶123-125;

(g) Enter judgment against Debbie Teachey, Marshall "Mark" Teachey, Michael T. Teachey, and Teachey Produce, Inc., jointly and severally, and in favor of named plaintiffs Victoria Hernandez and Florencio José-Ambrosio for $500 in statutory damages for each of those two named plaintiffs pursuant to 29 U.S.C. §§ 1854(c)(1) and 1855(a), plus monetary damages as compensation for the emotional distress and mental anguish that they have suffered as a result of their wrongful and retaliatory discharge in an amount to be determined by a jury, and punitive damages in an amount to be determined by a jury pursuant to 29 U.S.C. §§ 215(a)(3), 216(b), and the common law of wrongful discharge in

violation of public policy under the common law of the
State of North Carolina, plus pre- and post-judgment
interest at the full amount allowed by law under the Fifth
Claim for Relief, ¶¶126-139;

(h) Enter judgment against Debbie Teachey, Marshall
"Mark" Teachey, Michael T. Teachey, and Teachey Produce,
Inc., jointly and severally, and in favor of each member of
the statutory class and subclasses alleged in ¶¶36 and 37(a)-
37(y) for $500,000, the maximum total amount in statutory
damages authorized by 29 U.S.C. § 1854(c)(1) for each AWPA
violation alleged in ¶¶37(a)-37(y) and ¶¶121(a)-121(y) above,
plus pre- and post-judgment interest at the full amount
allowed by law under the Third Claim for Relief, ¶¶120-122;

(i) Enter judgment against defendants Debbie Teachey,
Marshall "Mark" Teachey, Michael T. Teachey, and Teachey
Produce, Inc., jointly and severally, and in favor of all
named plaintiffs for costs and a reasonable attorney's fee
pursuant to N.C.Gen.Stat. § 95-25.22(d) and 29 U.S.C. §
216(b);

(j) Grant all named plaintiffs and the members of the
collective action, classes, and subclasses that they seek to
represent declaratory relief that defendants Debbie Teachey,
Marshall "Mark" Teachey, Michael T. Teachey, and Teachey
Produce, Inc., jointly and severally, have violated the

rights of the named plaintiffs and those other employees under the FLSA, the AWPA, and the NCWHA;

(m) Award such other relief as may be just and proper in this action.

Respectfully submitted, this the 15th day of March 2017.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
    Robert J. Willis, Esq.
    Attorney at Law
    NC Bar #10730
    P.O. Box 1269
    Raleigh, NC  27602
    (919) 821-9031 telephone
    (919)821-1764 facsimile
    5. W. Hargett Street
    Suite 404
    Raleigh, NC  27601
    Counsel for Plaintiffs
    rwillis@rjwillis-law.com