UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 7:17-CV-00056-BO

| | | |
|---|---|---|
| VICTORIA HERNANDEZ, FLORENCIO JOSE-AMBROSIO, FLORICEL MORALES-CRUZ, and PEDRO H. CASTILLO-CACERES, on behalf of themselves and all other similarly situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> DEBBIE TEACHEY, MARSHALL "MARK" TEACHEY, MICHAEL T. TEACHEY, and TEACHEY PRODUCE, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **SETTLEMENT AGREEMENT** |

Plaintiffs Victoria Hernandez, Florencio Jose-Ambrosio, Floricel Morales-Cruz, Pedro H. Castillo-Caceres and all class members ("Plaintiffs") and Debbie Teachey, Marshall "Mark" Teachey, Michael T. Teachey, and Teachey Produce, Inc., whether individually, jointly, or as alleged joint employers or enterprises ("Defendants") hereby make the following preliminary agreement as the result of a mediated settlement conference held on April 13, 2017, at Williams Mullen PC:

1.      In consideration for the execution of this Agreement and the General Release of claims described below, and without admitting that they acted unlawfully in any way, Teachey Produce, Inc., Debbie Teachey, Marshall "Mark" Teachey, and Michael T. Teachey agree to do the following, to resolve any and all claims asserted by or could have been asserted by them in the lawsuit designated as 7:17-CV-00056-BO (Eastern District of North Carolina), and in the North

Carolina Department of Labor Employment Discrimination Complaints designated as File # 075-17 and # 074-17 (collectively the "Action"):

(A)     To pay, or cause to be paid, within thirty (30) calendar days following the final approval of this settlement by the Court, the total amount of $61,750.00 to resolve all claims that have been or could be asserted by Plaintiffs in the Action.  Of the total settlement amount:

(i)     $5,000.00 will be paid into a "Settlement Fund" to be administered by an independent third-party claims administrator to be arranged and paid for by the defendants after reasonable notice to the Court and plaintiffs' counsel for the benefit of non-named plaintiff class members ("Class Members"), with each class member who files a valid claim receiving an amount not to exceed $100.00.  Teachey Produce, Inc. will be responsible for the cost of administration of this settlement;

(ii)     $16,000.00 will be paid to Plaintiffs' counsel in a lump sum in one check made payable to "Law Offices of Robert J. Willis, P.A." as attorneys' fees and costs, within fifteen (15) days of approval of this Agreement and the Settlement by the Court; and

(iii)     Subject to the approval of the Court, the remaining $40,750.00, of the total settlement amount will be allocated to claims of named Plaintiffs, to be divided among them as follows pursuant to an IRS Miscellaneous Income Form 1099, consistent with and pursuant to applicable law:

(1)     $13,500.00 for Victoria Hernandez.

(2)     $13,500.00 for Florencio Ambrosio-José.

(3)     $6,250.00 for Floricel Morales-Cruz.

(4)     $7,500.00 for Pedro Humberto Castillo-Caceres.

(B)     Prepare a Joint Motion for Class and Collective Action Certification for Settlement Purposes Only with proposed Order, Joint Supporting Memorandum in Support of Motion for Class and Collective Action Certification for Settlement Purposes Only, Joint Motion and Joint Supporting Memorandum for Preliminary and Final Approval of Settlement Agreement with proposed orders, and Joint Motion for Approval of and Preliminary and Final Notice to Class and Method of Distributing Same with Separate AWPA and FLSA Claim Form.

(C)     Promptly after execution of this Agreement, counsel for the Named Plaintiffs and counsel for the Defendants shall file a Joint Motion and Supporting Memorandum for Preliminary Approval of Settlement, including submittal of this Agreement. Promptly after execution of this Agreement, counsel for the named Plaintiffs and counsel for the Defendants shall file a Joint Motion for Class and Collective Action Certification for Settlement Purposes Only with proposed Order, Joint Supporting Memorandum in Support of Motion for Class and Collective Action Certification for Settlement Purposes Only.  Promptly after the execution of this Agreement, counsel for the Named Plaintiffs and counsel for the Defendants shall file a Joint Motion for the Court's Approval of a proposed Notice to the Class of the Court's preliminary approval of this Settlement and the Method of Distributing that Notice along with a proposed Notice.  Within twenty (20) days of the date on which this Agreement is executed, counsel for the Defendants shall draft and submit all of these pleadings to counsel for Named Plaintiffs to allow plaintiffs' counsel to review and comment on those pleadings before they are filed with the Court.  Following approval by both sides, the parties will file these pleadings with the Court for its review and consideration.

(D)     Within at least fifteen (15) days before the date set by the Court for the final "fairness" hearing of any Settlement Agreement for which the Court has granted its preliminary

approval, counsel for the Named Plaintiffs and counsel for the Defendants shall file a Joint Motion and Supporting Memorandum for Final Approval of the Settlement Agreement with a draft proposed FLSA claims form. Within at least fifteen (15) days before the date set for the final "fairness" hearing, counsel for the Named Plaintiffs and counsel for the Defendants shall also file a Joint Motion for the Court's Final Approval of a proposed Notice to the Class of this Settlement and the Method of Distributing that Notice along with a proposed Notice. At least thirty (30) days before the date set by the Court for the "fairness" hearing for the Court to review this Agreement for final approval, counsel for the Defendants shall draft and submit all of these pleadings to counsel for Named Plaintiffs to allow plaintiffs' counsel to review and comment on those pleadings before they are filed with the Court. Following approval by both sides, the parties will file these pleadings with the Court for its review and consideration.

2.     The Parties agree any unclaimed settlement funds (the reversion) for the Class Members shall be distributed equally to NC State Bar IOLTA program and Defendants.

3.     The Plaintiffs' mediator fees and costs are to be paid by Defendants.

4.     This settlement will resolve all claims that Plaintiffs and any and all Class Members they seek to represent may have against the Defendants from 2013 through December 2016. All Plaintiffs and any and all Class Members shall release all claims against the Defendants.

5.     Potential class claimants will have a period of one hundred eighty (180) calendar days after notice is mailed to them pursuant to the Court's final approval of this class settlement to submit their claim forms for all claims asserted under the FLSA with a legible copy of a government issued ID (including but not limited to, any unexpired passport, any unexpired Matricula Consular, any Mexican voting identity card, or any Mexican or other nation's driver license) which identifies by name a person whose name matches the name contained on any

documents furnished to the Defendants by any farm labor contractor(s) used by any of the Defendants pursuant to 29 U.S.C. Section 1821(e) or pursuant to any duty to complete an I-9, W-9, and/or W-4.

6.    Potential class claimants will have a period of one hundred eight (180) calendar days after notice is mailed to them pursuant to the Court's final approval of this class settlement to submit their claim forms for all claims asserted under the AWPA.

7.    Defendants will be responsible for the reasonable cost of administration of this settlement.

8.    Defendants agree to produce and allow Plaintiffs' Counsel to inspect and copy appropriately redacted (if necessary, except for names, addresses, telephone numbers and last four (4) digits of social security numbers) payroll records, records received by one or more Defendants, pursuant 29 U.S.C. § 1821(e), other wage records and/or W-4, W-9 and I-9 and attachments, that are reasonably necessary for the Parties to determine membership for the Class Members that are referred to in paragraph 2 above.

9.    Defendants will pay attorney fees and costs referred to in paragraph 1 above within 30 days after final approval from the Court of such amounts as determined by same.

10.    If Plaintiffs or any Defendant must enforce any of the provisions of this Agreement through legal proceedings, Plaintiffs and such Defendants agree to reimburse whoever prevails in such legal proceedings for all reasonable costs, expenses, and attorney's fees incurred by the prevailing party in connection with such enforcement.

11.    Plaintiffs will execute a separate General Release of Claims ("General Release") fully releasing all claims, asserted and unasserted, pertaining to the subject matter of the Action and pertaining to the alleged employment of the Plaintiffs by the Defendants and the termination

5

Case 7:17-cv-00056-BO   Document 31-2   Filed 09/08/17   Page 5 of 9
Case 7:17-cv-00056-BO   Document 31-2   Filed 09/04/17   Page 5 of 9

of that employment. The General Release will be accompanied by an affidavit that certifies compliance with Section 111 of the Medicare Medicaid and SCHIP Extension Act of 2007 ("MMSEA"). The General Release will include indemnification provisions which protect, hold harmless and indemnify Defendants against any claim by any third party claiming an interest in or right of recovery against the settlement sums paid by virtue of this settlement, and including claims by any state or federal taxing authority (i.e., the Internal Revenue Service and the North Carolina Dept. of Revenue). Nothing in this Agreement restricts or prohibits Defendants from complying with requests and directives from any taxing authority with respect to the payments called for under this Agreement. The parties will cooperate to execute such other closing documents as may be required by virtue of the settlement, but this document shall constitute a binding settlement agreement as all matters set forth in it.

12. A Stipulation of Dismissal of the Action shall be timely filed by counsel for Plaintiff dismissing all claims with prejudice upon completion of all conditions precedent required by this Agreement or as otherwise ordered by the court.

NEXSEN PRUET, PLLC

BY: *R. Daniel Boyce/bhc*

R. Daniel Boyce, Esq.
NC Bar #12329
dboyce@nexsenpruet.com
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
Tel: (919) 653-7825
Fax: (919) 833-7536
*Counsel for All Defendants*

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY: *Robert J. Willis*

Robert J. Willis, Esq.
NC Bar #10730
rwillis@rjwillis-law.com
Mailing address:
P.O. Box 1269
Raleigh, NC 27602
Tel: (919)821-9031
Fax: (919)821-1763
(Street address)
5 W. Hargett Street
Suite 404, 4th Floor
Raleigh, NC 27601
*Counsel for Plaintiffs*

DATE: 4/13/17

DATE: April 13, 2017

**WILLIAMS MULLEN**

By:/s/ Edward S. Schenk III  4·13-17
Edward S. Schenk III
N.C. Bar No. 32917
Allison A. Cohan
N.C. Bar No. 45940
P.O. Box 1000
Raleigh, NC 27602
Telephone: (919) 981-4000
Telecopier: (919) 981-4300
eschenk@williamsmullen.com
acohan@williamsmullen.com
*Attorney for Defendants*

## ADDITIONAL SIGNATURE PAGES FOLLOW

## PLAINTIFFS

_____     Date: 4 — 13 - 17
Victoria Hernandez

_____     Date: 4/13/17
Florencio Jose-Ambrosio

_____     Date: 4 - 13 -17
Floricel Morales-Cruz

_____     Date: 4 - 13 - 17
Pedro H. Castillo-Caceres

8

## DEFENDANTS

_Debbie Teachey_
Debbie Teachey

Date: 4-13-17

_Michael Teachey_
Michael Teachey

Date: 4-13-17

_Mark Teachey_
Mark Teachey

Date: 4-13-17

Teachey Produce, Inc.

By: _Mark Teachey_

Date: 4-13-17

9